Okay, Mr. Williams. Good afternoon. May it please the court. T. Edward Williams for Powerhouse Beverage. Your honor, we're here on a series of serious issues that happened at trial. Even though I was in trial counsel, I since replaced trial counsel. The main issue we're here on the 60b3 motion that was filed with the trial court but got rejected on the basis of the decision in Fleming. The court in Fleming stated that an affidavit that had been provided throughout the litigation was not grounds for a 60b3 motion because the party had seen that affidavit and at some point had not disputed it. The issue here is different. We have a party in the defendant appellees who submitted several forged versions of an operating agreement. Yeah, but wasn't it the whole subject of the trial was which one of these agreements is forged, right? That is true. So if you come after and you say I want relief from the judgment because somebody submitted forged evidence, usually it's because everybody thought the evidence was authentic and then it turns out to be forged. But when you have a trial, everybody agrees like one of them is forged and one of them is not. The purpose of the trial is to figure out which is which. Is that really in front of the court? That was the whole point of the trial, wasn't it? That was the point of the trial to determine, but that decision had been made by the first department already. Which agreement was real and which wasn't had already been decided by the first department in state court. The issue before... I'm sorry, Your Honor. You're saying there should have been issued preclusion in the district court hearing? It should have been res judicata, correct. That is precisely what we're saying. Okay. Was that argued? It was argued and it was preserved. But not appealed? That specific decision, it was appealed, but I think the appeal was later withdrawn. There was an attempt to interlocutorily appeal the bench traveling pre-final judgment. You then had... But you couldn't. And then there was summary judgment on essentially a failure to state a claim under the Lanham Act. And then there was no appeal of that judgment. Right? That is correct. What is the order or judgment specifically from which you are seeking relief? It is the April 2024 order of judgment. It is the April 2024... It's the one in which the district court decides... That's the bench trial. ...which one is authentic. That was the bench trial. Right. I think... Actually, I'm kind of curious about this. So as Judge Nathan mentioned, eventually there's summary judgment on the trademark infringement claims and the district court decides that actually there's a failure to state a claim because the defendants are not using the marks. Right? That's right. Yeah. So it turned out actually that it didn't really matter exactly which agreement was authentic. Right? Well, I... They would fail to state a claim nevertheless because of the defendants' lack of use of the marks. Is that right? I wouldn't say... Sorry, Your Honor. The way I'm asking it is, is your appeal... Is this issue consequential? So usually Rule 60B is about relief from the judgment, some kind of final judgment. It is. It is actually. But it's not really a way to revisit interlocutory orders that don't have that consequence. And you're just saying, I would like this issue decided differently, as opposed to saying the outcome of the case has done me harm because of some kind of a fraud. Yes, I understand the point. I understand they're interested in the issue because it has preclusive effects and other things. But like in this very trial, was it actually outcome determinative? In this very case. I mean, the trial is focused on the issue. But in this case, was that issue decisive in terms of the outcome? I think it's going to be decisive in later proceedings, as you just mentioned. In state court. Right. In state court. So let me ask... So that's an argument about the preclusive effect going forward in New York. Precisely. But under New York law of preclusion, does it need to be necessary? Doesn't the issue need to be necessary? Necessarily decided. Yeah. While that's an argument I think we can make in state court, the big picture issue... Has it been held preclusive against you in state court? We don't know yet. Not yet. In January, we're going to find that out. But you're arguing it shouldn't have preclusive effect. Yes, we will argue that it shouldn't have preclusive effect. And if it doesn't, let's say you get a ruling tomorrow that it doesn't have preclusive effect because it wasn't necessarily decided, then isn't your appeal moot of this order? No, not necessarily because the decision in and of itself upholding one agreement as opposed to another and the factual findings that come along with that is still relevant even outside preclusion. So even if we say that, even if a state court judge... How? It's relevant in terms of how the decision, how evidence is presented in the state court proceeding. If we go to state court and the other side is 100... I was going to say the myth and hypothetical was if the state court decides it's not preclusive, then if that were to happen, why would the state court decide that all the presentation of evidence in the state court proceeding should be informed by the outcome of the district court proceeding? Well, if it's not preclusive, just because the holding isn't preclusive doesn't mean the court isn't going to consider the finding of a federal court. I mean, the state court judge... So it's a waste of authority? Yeah. The state court judge has already indicated that, at least in some pleadings, that he thinks a lot of this order that was issued by the federal court. And so there is real harm. I want to return to the question... Is there any authority for that proposition that even if no preclusive effect that... I mean, I think of it as a question of whether your appeal of this order is effectively moved since the final judgment resolved on an entirely different issue. So the only question is ongoing, I think, legal effect of the trial judgment order. Do you have any authority for the notion that even without legal preclusive effect, there's some harm that would cause us to vacate otherwise irrelevant order? I think my point is that there is some evidentiary harm that would come from this proceeding and particularly from this order. In terms of citation, I can certainly submit those this evening. But that's a big concern for us, that there is an erroneous ruling by the federal district court for the Southern District that now the state court is going to think is a well... So it sounds like you agree that actually the resolution of this issue about the authenticity of the agreement was not decisive as to the outcome of this case. I agree to the extent that I intend and will argue that this order should be ignored by the state court. That's the extent to which I agree. What do you mean that's the extent to which you... I mean, so for purposes of this appeal, I'm not the state court, so I want to know what you're telling me. Understood. For purposes of this appeal, I think you have... this court has a live issue in terms of the court reaching the wrong conclusion and applying the law wrongly. Okay. You think it's the wrong conclusion, but you're not coming before us to say it led to a wrong result on the trademark claim or anything else. You're just saying this issue was decided the wrong way. Well, that goes back to your consequence question. Yeah, it does. I'm pursuing the same question. I don't think I've gotten an answer. Are you saying that if we had decided a different way, we might have gotten a different conclusion? Or I'm sorry, if the district court had decided differently based on the fraud? Had the district court decided differently and had the district court presented the parties with the opportunity to fully engage in this issue of what agreement was valid or not? Fully engage? There was a whole trial on that question. Turned out to be entirely unnecessary, but there was a whole trial. There was a one-day, really what amounts to a hearing, in which a forged document was presented and considered, and in which... It was a trial. It was a bench trial of fact-finding, right? Precisely, yes. And that turned out to be irrelevant to what led to final judgment here. I don't see it that way. I don't think that finding... Doesn't the district court say that in its summary judgment conclusion, that it's summary judgment is granted for failure to state, essentially for failure to state a Lanham Act claim, which has nothing to do with which of these two agreements were fraudulent? Well, to be more precise, the reason they failed to state a claim was not because they're not the authentic trademark holder. It's because the defendants are not even using the mark. So that... Precisely. It doesn't matter who the real company is. And I think that's an important... That argument assumes that even if they're the authentic trademark holder, they still fail to state a claim, right? But then why go on to state that this is the proper agreement, and this is the agreement under which you are... I mean, go on. He did it before. He did it before, right? Right. He traveled back in time. Right, but that is... And the district court explains that. It says, in the order deciding the agreement, he says, the parties think that this is the key issue. So I held a trial on this issue to see if it would resolve it. And then in the later summary judgment decision, he says, the parties told me this was the key issue, and I had hoped that it would resolve things, but it turns out that it doesn't. And so I'm moving on to these other issues, right? Tentatively, yes. But I still... You still have a problem in terms of the 60B3 analysis and whether the court reached the right conclusion under that order. And whether... I mean, essentially... Let me ask you a hypo. Let's say you have a pretrial management conference, and the district court says, here's my ruling on discovery, and writes an opinion about entitlement to something under discovery. And then it proceeds to summary judgment. And having nothing to do with that, summary judgment is granted on an entirely separate issue that has nothing to do with the evidence produced as a result of that discovery ruling. But you come in, you say, well, the state court's going to be influenced by that discovery ruling when we seek discovery in the state court case. You wouldn't be able to come in now and say, vacate that prior discovery ruling, even though it has nothing to do with what led to final judgment. I think your hypothetical would be circumscribed by the current case law, which is that discovery rulings really have no effect, right? There would be no risk to the kind of effect as to the discovery ruling. Okay, but so if it's the case... Then that's back to my hypo. If tomorrow the state court says no preclusive effect because it wasn't necessary to the decision, then you would write us a 28-J letter saying that. And I think this appeal would be moved because you're seeking to appeal something that has no restrictive effect. It's... I suppose my... And the reason why we're on this appeal is because the issue... There's an inherent wrong in the order that we seek to cure. And that should have been cured at the trial stage under 60b-3, but the court applied the wrong standard, believing that Fleming controlled when... I mean, I don't know if it's about... I mean, I get that you... There is a ruling about the authenticity of the agreement. You don't like it. You'd like to vacate it. That's not happening. So I don't know. Maybe you have a continuing interest in the dispute. But regardless of mootness, isn't it just... This is not what we use Rule 60b for. So if it's the interlocutory order that did not result in the final judgment, you're not seeking result... Relief from the final judgment. You just want to revisit some interlocutory order that was decided on some other issue over the course of the proceedings. That just is not... You can't use Rule 60b for that. Yeah, I understand the court's analysis, but I disagree with the conclusion that this... I think this is a quintessential 60b-3, as opposed to 60b-6 or even 60d. There was documents submitted to a federal judge that were fraudulent. There's little... I mean, I get that if you had a trial and somebody submitted fraudulent documents and everybody assumed they were authentic, then maybe coming out later and saying, like, they submitted fraudulent documents, that might be new information. But the trial was about whether these documents were fraudulent, wasn't it? And the court excluded... It wasn't really, like... The court was not duped. The court understood that the authenticity... It was just not persuaded. ...were in question, right? I would... I would probably come along to your perspective if I didn't believe... Or rather, if the court, the district court, had considered other versions or had allowed the powerhouse to really dispute that document, right? The forged document. But as it turns out... I'm sorry. Was there not a trial about the authenticity of that document? So to what extent did the district court... That's... Purportedly, that's what the trial was about. First of all, even if that were true, right? You're saying... Talking about a fraud on the court. Now you're saying the court didn't allow us to engage fully in the trial. Because we couldn't. That's not a fair argument. That's not about them submitting a fraudulent document. That's like some kind of due process thing. No, that just goes to the other wrongs portion of 60b-3. So... No, but you're making an argument about... If you were precluded in some way, it's just an evidentiary objection. So what's the thing you wanted to get in that the district court denied you the ability to get in? There were other versions of the operating agreement, the real versions that we really couldn't engage in a trial. And even though I wasn't... What does engage in mean? Meaning the judge simply did not allow... He said he didn't want to hear it. He would not consider them. That's the real problem I see, is that... Yes, you mentioned, as the court mentioned several times, there was a trial. There was supposed to be a trial on this issue. But it strikes me... I mean, I read the district court's opinion. It does seem like the district court does consider the other version of the document. He just decides it's not persuasive. I mean, I know the details of the document. One said supermajority, one said majority. Precisely. I know the differences and so on. It doesn't seem accurate to say the district court didn't consider the documents. Well, when I read the record, I guess I read it slightly different, especially having heard from individuals who were at trial in terms of how the judge did not allow... First of all, they couldn't fully engage with the document, this document, because there have been several fraudulent versions presented. And even though they, at the time, they thought this was the proper version, it turns out to be wrong. That's what they discovered after the trial, that these documents were fraudulent versions of it. So that's what makes it a candidate for Rule 63. It was discovered after the trial? So during the trial, you did not think that it was a fraudulent document? There were some issues... During the trial, the defendants introduced their version of the document. You said, oh, that's the authentic one. Looks good to me. But you did not discover that it was fraudulent until after the trial was over. Is that your version of the... Proof. Proof. Didn't discover proof of the fraud until later. There was issues raised before the trial court as to that these documents are not real. And there were requests for it, that we submit evidence. Why couldn't that have come in at trial? My understanding is that the trial judge did not allow it in. But you're saying he found proof later? Correct. That, I believe it was... What is the proof? Is it the evidence you're submitting? This motion, a bunch of affidavits from people who were around at the time? No, no, we're not relying. I mean, that would bring us squarely into Fleming, which is... Yes, the Odessa Declaration, for example. Right. Edward Odessa, I believe, was the previous counsel for... Right. So that, whatever he says in that declaration, presumably could have been introduced at trial. Edward had not been on the case for some time. I... Right? Edward Odessa had not been on the case. We're trying to figure... I'm so sorry. But we're trying to figure... You just said a minute ago that you discovered proof later that the trial only included documents that were fraudulent. Correct. What is that proof, and why could you not introduce it? The proof was that this document that was submitted, even though these individuals, they claim it had been previously submitted in other proceedings, was never submitted in other proceedings. There's this reference to... But why couldn't that have been introduced at trial? Why could... Somebody didn't look, and when somebody proffers something, you didn't go and check it and see if it had never been submitted before? Why could that not have been introduced at trial? I'm not sure of the mechanics of what trial counsel was doing, but I know he made a record that this agreement is fraudulent, and I know that he offered to introduce the proper agreement, and that... At trial or after trial? No, no, at trial. But you said he didn't discover it until after trial. Let me be clear, or I guess more clear. Please, please. There was some suspicion that this agreement isn't the real agreement, right? That was at trial, and there was offer made by trial counsel to say, well, let's submit different versions of this, the real version of this document. And then later on, that suspicion was proven true when they discovered... So you're saying that when you told the district court that the key to resolving this case was which agreement was authentic, because each has a version of the agreement, and the other one, the other party's version is fraudulent. That was just a suspicion. And you said, well, we suspect that maybe it's fraudulent. We might as well have a whole trial about it. And so you had a whole trial. You went through all of the testing of evidence and so on. And then after the trial, you said, you looked at some other pieces of evidence. You said, oh, it turns out our suspicions were right. It really is fraudulent all along. That's your version of events? That's how you went into trial? Only kind of suspecting that you might be right, but you weren't going to submit until later? Like you, I'm looking at the record for the first time, having not been at trial. What I saw and what I learned from counsel is that the issue as to the validity of the operating agreement that the court found to be real was, in fact, raised. At the time, there were some back and forth in the record as to whether it was real or not. And then there was representation by the other side that this is real. We had submitted it previously as part of other filings and other proceedings. It wasn't until at the conclusion of the one-day trial that the other side, that rather our side, had the opportunity to go back and look at all these filings that they had made in several other proceedings to reach the conclusion that this, in fact, was a forged document. Okay. I just have one more buttoning up. In the motion below, you cited both 60B3 and 60A, but you're only citing 60B on appeal. Is that right? Has there been waived any reliance on 60A? The briefings are 60B3, and I think to some degree there is a mention of 60B6, sort of a catch-all. Got it. Just wanted to check. There was a profound miscarriage at trial, and I understand the Court's point as to what the consequence of that is, if any. But the issue of submitting forged documents and having the Court rely, rely rather, on forged documents. Okay, I get that. We get that point, I think. You reserved time for rebuttal, so we'll hear from you again. Let's turn to the appellee, Mr. Stanziali. Good morning, Your Honors. May it please the Court, Tom Stanziali for Appellees. I'd like to just clear the record, Your Honor. No disrespect to Mr. Williams, but he hasn't been on the case for very long. It's an over 10-year case. He's been on for three months. The statement that the First Department already ruled on it is incorrect. The First Department was an issue of a stay arbitration, and it went up on appeal. They granted the stay. That's when I put in the original document that we relied on during the trial, and I also presented that as evidence at the trial. The Appellate Division only held that it was going to go back down to decide which agreement was real, and it had nothing to do with the January 28th agreement. It only had to do with December 10, 2012, as far as an arbitration clause. That was the only issue before the First Department. There was no supermajority and majority issue until after the appeal went in, the decision came down, and then we went through state court, and it was said there's two agreements. But even if the state court is deciding which one is authentic, even if it's trying to figure out which is the right arbitration clause, it might have implications, but you're saying it wasn't decided. No, it wasn't. The only thing that's been decided by the Supreme Court is I did make a motion for summary finding, and they did issue that. And they gave a preclusive effect. They gave a preclusive effect on that. Do you agree that here the question of which agreement is authentic turned out not to be relevant to the outcome of this case? No, I think it's very relevant, because that's how the whole case started. But it's not how it ended. It's not how it's ending, no. Well, so I guess that's the way that the district court ultimately resolved the trademark claims. It did not seem to depend on which agreement was authentic. Is that accurate? Yes, Your Honor, because we're relying on it in the state courts, because we have our actions for trademark infringement against them, because they're the ones that took our trademark and shopped it and went through three companies. So in the state court, we're arguing that that was the reason why it was the main issue, because we had tried to remove that person as a manager. But you're saying this issue matters for the state court proceedings, because it allows you to say that you were the owner of the mark. We are the owner of the marks. But for the district court here, the case that we are reviewing, the district court said it doesn't really matter who owns the mark, because the defendants were not using the mark. And so regardless, the plaintiffs failed to state a claim. That was because Powerhouse had sued us, my clients. Yeah, I understand. Right. And we didn't do a counterclaim as the company. So we were just individuals. So Judge Subramanian held that we, as far as our claims against them, he dismissed them.  So your claims didn't succeed because, you know, regardless of whether you are authentically the company or not, you only brought claims to your individual capacity, right? Correct. And then the state law claims are dismissed by declining to exercise subliminal jurisdiction, right? Declining to exercise subliminal jurisdiction. Correct. So none of the resolutions of the claims actually depended on which version of the agreement was authentic. Well, Your Honor, it wasn't. We were defendants in the case. And when it came up and the judge asked us, is this the issue and all we needed? At that point, I believed it was, because we had alleged that there was a fraudulent document. As it turned out, it has no bearing on the resolution of this case. The federal court. Right. Correct. And so, but you're saying the bench trial findings have been given preclusive effect in state court? Yes. I made a motion for summary judgment after. And Judge Murphy held, yes. Even though it is the case that it was not necessary to the decision of the district court case here? Yes, because we had raised the same issues before Judge Murphy in the Supreme Court. But is your understanding of New York state law preclusion to require that an issue be necessary to resolution? Or not? I'm not sure. I'm not sure. Well, I mean, I don't know if it matters really for our purposes, but did the district court say it's preclusive, or I find it persuasive, or both? I, that's a good question. I don't have the order in front of me. He did say, though, that the issue with the January 28, 2014 agreement was found by the federal court. And that that issue, I guess, would be issue preclusion, because the January 28, 2014 agreement with the supermajority was not real. If that's wrong, that's not our problem to fix, right? Correct. And opposing counsel said that he's still pursuing an argument that it shouldn't be given preclusive effect because it wasn't necessary to the judgment. So does that mean, what is that? That's an appellate argument? We already have it as law of the case in the Supreme Court. Right, but the Supreme Court is the trial court. So it could be that there is an appeal on that basis. Correct. And Your Honor, I mean, there was, I had put in this, the agreement in the first department in 2016. During that stay arbitration, I filed my original that my clients gave me with the first department showing that it was majority. The first letters I wrote in 2014 to the petitioners here stated majority. I only read it as 5-3 majority. I never saw any other supermajority in 5-3. It was only in 4-5 of the agreement that is genuine. And that when I did submit it and the arguments were there for both sides of which was real, they were presented, there was deposition testimony. I was never deposed as a defendant in this action. And then as far as everything that we, I produced it five, ten years ago. And then the only reason why I put in their agreement was because I didn't know that supermajority was changed because 5-3 wasn't an issue in the arbitration time, the first four years of the case. It was December 10th agreement with the arbitration because January 28th, 2014th was silent. So I never saw the change of supermajority until after the appeal. And we were in Supreme Court and Judge Beccaria put me, called me in the chambers. We had a conference, said there's two agreements. And I had no idea at that point there were two agreements. And I said, well, we're going to have discovery and depositions. And we'll find out which one's real, Your Honor. And then Judge Beccaria was off the case. So is this, so it's correct that you introduced in the state proceedings some versions of the agreements that aren't this version? Absolutely. But you did that because the question about 5-3 was not an issue? Not there. And I had PDF and e-filing had just started. And I was filing the wrong document not knowing it. So is your position that Mr. Williams is right to say, well, you said that it had been introduced in the state proceedings, but when they reviewed the state proceedings closely, it turned out that that version was not always introduced? You just don't think that that really is new evidence? No, it's not new evidence at all. It's evidence, the arguments have been even in the lower court and in this court. I'll rest my case, Your Honor, if you have any more questions. Okay. Thank you, Mr. Stanziella. And we'll turn back to Mr. Williams on rebuttal. All right. Just quickly to restate that Mr. Stanziella did not, in fact, file these agreements on ISAF. That's the whole purpose of why we're here. And that's what the record reflects in the appendix. So the notion that he had previously... Why does it matter what was filed in the state court? Well, that's the fraud. That is the heart of the fraud, that he had told the court, this is the agreement that I filed in previous matters. I mean, so we have this whole question about whether the whole resolution of which agreement is authentic was necessary to the final judgment. But even within the order deciding which agreement was authentic, the district court never says, I think this agreement is authentic because it's the one that was filed in the state court proceedings, right? I would and I plan to pursue all of the arguments the court's mentioning. But the fact of the matter is the state court and the other side view this as a victory in terms of what agreement controls. And that's the problem. Yeah, but it's a problem in the case for resolution because the way they obtained that decision was fraudulent. Okay. I'm sorry. I started off with this question. So you said that you're seeking relief from April 2024, but the decision and the fraud stuff was the November case. So what are you asking us, and the whole conversation has been about whether or not it was improper for the district court to have made the determination that it did in  So are you seeking relief from the April 2024 final judgment or the November 21st order? What are you seeking relief for? We're seeking relief from the order that found, that made a determination that this agreement presented by Mr. Sanziali's clients was the real and valid agreement. That is the November 21st. If I said April of 24, then I misspoke. But that is the order from which we're seeking relief. The order that made that... That is an interlocutor.  Is that correct? That is it. That would... You'd be asking us to decide on an interlocutory basis then? That order is final for purposes of 1291. In other words, the court has done... The district court has done all that it can do in the case, and that's that. Well, except for decide summary judgment, right? I suppose at that moment, yeah. Well, I mean, the intellectual order would merge into the final order, but you don't really have an objection to the final resolution. You're not here arguing that you should... That your trademark claim should be revived. You really are focused on the interlocutory decision about this issue. Well, I guess another way to put it is, is the appeal from the denial of the 60B3 motion. Right. So, I mean, which I don't think raises an issue of mootness, and which, based on what Mr. Sanziali just said, highlight the consequences of the court's decision, the court's wrong decision. That's my submission, Your Honor. Okay. Thank you very much, Mr. Williams. The case is submitted.